# Exhibit A

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

BRENDA MATLOCK,                    )
                                   )
                                   )
                                   )
        Plaintiff,                 )
                                   )          CIVIL ACTION
v.                                 )          FILE NO.: 22A01591
                                   )
                                   )
TRIGO EXPRESS LLC. , a             )
California Limited Liability Company, )
TAN TRAN, individually, and        )
d/b/a TRIGO EXPRESS LLC., ABC      )
CORPORATION,                       )
                                   )
        Defendants.                )

## COMPLAINT

Plaintiff brings this Complaint against the above-named Defendants, and shows to the

Court:

## PARTIES AND JURISDICTION

1.

Plaintiff Brenda Matlock, is a citizen of the State of Georgia and resides at 8044 Perimeter

Trace, Dunwoody, GA 30346, having been involved in an automobile collision in DeKalb County,

Georgia.

2.

Defendant Trigo Express LLC is a California Limited Liability Company, with its

principal office located at 9689 Carnation Avenue, Fountain Valley, CA 92708.

3.

Defendant Trigo Express LLC may be served by delivering a copy of the summons and

complaint on its chief officer and registered agent, Tan Tran, 9689 Carnation Avenue, Fountain Valley, CA 92708.

4.

Venue is proper as to Defendant Trigo Express LLC.

5.

Defendant Tan Tran, on his own, and d/b/a Trigo Express LLC, is a non-resident of Georgia, but is subject to the jurisdiction of this Honorable Court through Georgia's non-resident motorists' act, as he was involved in an automobile collision with Plaintiff in DeKalb County, Georgia.

6.

Defendant Tan Tran can be served through the Georgia Non-resident Motorist's Act through the Georgia Secretary of State, and at his residence, which is 9689 Carnation Avenue, Fountain Valley, CA 92708, and through any other legal means.

7.

Venue is proper as to Defendant Tran.

8.

ABC Corp. is an unknown entity authorized to conduct business in Georgia.

9.

ABC Corp. is a corporation, PA, LLC, LLP, partnership and/or sole practitioner.

10.

Venue is as to proper as to ABC Corp.

2

## FACTS AND CIRCUMSTANCES SURROUNDING COLLISION

11.

On or about May 10, 2020, Defendant Tran was involved in an automobile collision (hereafter, "Collision") with the Plaintiff Brenda Matlock (hereafter, "Plaintiff").

12.

Just prior to the Collision, Plaintiff was travelling eastbound on I-285, approaching exit 29 for Ashford Dunwoody Rd.

13.

At the same time, Defendant Tran was in his tractor-trailer which is owned by Defendant Trigo Express LLC. (hereafter "Trigo Express") and driving on behalf of and/or within the course and scope of his employment.

14.

Defendant Tran was also traveling eastbound on I-285, approaching exit 29 for Ashford Dunwoody Rd and to the immediate left of the Plaintiff's vehicle.

15.

Defendant Tran attempted to suddenly change lanes into Plaintiff's lane of travel and struck the driver's side of Plaintiff's car with his commercial tractor-trailer causing a Collision.

16.

Defendant Trigo Express and/or Defendant Tran owned the tractor-trailer that Defendant Tran was operating.

17.

At the time of the collision, Defendant Tran was an officer of Trigo Express.

18.

At the time of the collision, Defendant Tran was operating the tractor-trailer in question either on his own behalf, or as Trigo Express.

19.

Defendant Tran was faulted for the wreck and was cited for improper lane change.

20.

With respect to any Defendants who are foreign and/or out-of-state entities of any kind, there is a direct nexus between them conducting business that involved the State of Georgia, and the incident, which is the subject of this action, thereby making them subject to the jurisdiction of this Honorable Court pursuant to O.C.G.A. § 9-10-91.

## **NEGLIGENCE**

21.

Defendant Tran had a duty to drive his vehicle in a safe manner so as to avoid a Collision.

22.

Defendant Tran breached that duty by causing a Collision.

23.

Defendant Tran's breach is the sole and proximate cause of the Collision, which is the subject matter of this action, and which is the source of Plaintiff's damages.

24.

Defendant Tran had a duty to keep a proper lookout for cars when operating his vehicle.

25.

Defendant Tran breached that duty by failing to keep a proper lookout for cars on I-285 near exit 29 for Ashford Dunwoody Rd, thereby causing this collision.

26.

Defendant Tran's breach is also a proximate cause of the Collision, which is the subject of this action, and which is the source of Plaintiff's damages.

27.

Defendant Tran had a duty to change lanes properly, to avoid a Collision.

28.

By failing to check for Plaintiff's vehicle prior to changing lanes, Defendant Tran breached that duty.

29.

Defendant Tran's breach is also a proximate cause of the Collision, which is the subject of this action, and which is the source of Plaintiff's damages.

30.

Defendant Tran had a duty to exercise ordinary care when operating his vehicle.

31.

Defendant Tran breached that duty to exercise ordinary care when he merged his tractor-trailer into the driver's side of Plaintiff's car, in violation of law, causing the Collision.

32.

Defendant Tran's breach is also a proximate cause of the Collision, which is the subject of this action, and which is the source of Plaintiff's damages.

33.

Defendant Trigo Express are responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on their behalf including, but not limited to, Defendant Tran.

34.

Defendant Trigo Express and had a duty to properly train its employees, including Defendant Tran, so that those employees were equipped as to how to safely operate their tractor-trailer vehicle.

35.

Defendant Trigo Express and breached that duty by failing to properly train their employees, including Defendant Tran.

36.

Defendant Trigo Express' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered in the Collision.

37.

Defendant Trigo Express had a duty to exercise ordinary care in the hiring and firing of their employees, including Defendant Tran, to ensure to that its drivers were safe to operate tractor-trailer vehicles.

38.

Defendant Trigo Express breached that duty by hiring and/or not firing employees, including Defendant Tran.

39.

Defendant Trigo Express' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered due to the Collision.

40.

ABC Corp. functions as a parent and/or subsidiary of any or all of the named Defendants herein and is, therefore, liable for the actions and/or inactions of those Defendants.

41.

Defendant(s) committed other acts of negligence, which are both known and unknown at this time, which resulted in injury to Plaintiff.

42.

Defendant(s) committed other omissions, which are both known and unknown at this time, which resulted in injuries to Plaintiff.

43.

Defendant Trigo Express LLC is responsible for the actions/inactions of any of its employees while they are working within the course and scope of their employment.

**DAMAGES**

44.

As a result of the negligence of Defendants in causing the Collision, Plaintiff sustained serious injuries requiring medical treatment.

45.

As a result of the negligence of the Defendants, Plaintiff incurred lost wages.

46.

As a result of the negligence of the Defendants, Plaintiff incurred medical expenses, which are itemized as follows:

| | |
|---|---|
| Northside Hospital Atlanta | $12,198.50 |
| Northside Radiology Associates | $ 1,048.00 |
| Northside Emergency Associates | $   653.00 |
| Peachtree Spine Physicians | $18,109.60 |
| Sovereign Rehab of Georgia | $ 4,686.90 |
| Schulman Esthetic & General Dentistry | $   659.00 |
| Cherokee Imaging Center | $ 7,300.00 |
| In Focus Eye Center | $   254.00 |

| | |
|---|---|
| Northside Hospital Ortho Institute of Sports Medicine | $ 3,644.00 |
| Team Rehabilitation | $15,570.00 |
| Decatur Hand & Physical Therapy Specialists | $ 5,013.00 |
| Changing Hope Counseling | $    930.00 |
| First Look Imaging | $ 2,743.00 |
| Emory University Hospital | $    906.00 |
| Quest Diagnostics Atlanta | $ 2,052.23 |
| Northside/Northpoint OBGYN | $    748.00 |
| North Atlanta Primary Care | $ 1,648.00 |
| Northwest Chiropractic | $ 1,045.00 |
| Emory Healthcare Internal Medicine | $    569.00 |
| Advanced Ear, Nose & Throat Associates | $    218.00 |
| Emory Orthopedics & Spine Center | $ 1,423.00 |
| Atlanta Spine & Sport | $ 3,335.00 |
| Art of Healing | $ 1,665.00 |
| Wellstar Neurology | $    331.00 |
| Total Wellness Solutions | $      95.00 |
| El-Amin Orthopedic & Sports Institute | to be supplemented |
| Atlanta Pain Institute | $ 1,542.00 |
| Peachtree Orthopedics | $ 4,486.24 |
| American Health Imaging | $11,944.20 |
| Resurgens Orthopedics | $ 3,783.00 |
| UCSF Medical Center | $    867.00 |
| Northside Alpharetta Pediatric Imaging | $ 1,652.00 |
| Orlando Health Medical Group | $    591.00 |
| HyOx Medical Treatment Center | $    275.00 |
| Piedmont Hospital | $ 1,489.00 |
| Anchors Chiropractic | to be supplemented |
| Out of Pocket Expenses | $    508.15 |
| Future medical care | to be supplemented |

47.

As a result of the negligence of Defendants in causing the Collision, Plaintiff endured mental suffering and anguish.

48.

Plaintiff's future specials, including ongoing medical expenses and ongoing lost wages are in an amount yet to be determined.

49.

As a result of Defendants' negligence, Plaintiff suffered serious personal injury, including, but not limited to, medical expenses, past and present, as well as, physical and mental pain and suffering, lost wages, and loss of consortium.

WHEREFORE: Plaintiff respectfully prays:

(a)     For judgment for all out-of-pocket expenses, health care expenses (past, present, and future), lost wages (past and future);

(b)     For general damages in favor of Plaintiff for past, present, and future physical and mental pain and suffering, inconvenience, and inability to labor and fully enjoy life in an amount to be determined by the enlightened conscience of an impartial jury;

(c)     For a trial by jury;

(d)     For further relief as the court finds appropriate.

This 29th day of April 2022.

*Michael J. Ivan.*

MICHAEL J. IVAN, ATTORNEY FOR PLAINTIFF
Georgia Bar No. 385115

STATE COURT OF
DEKALB COUNTY, GA.
4/29/2022 3:29 PM
E-FILED
BY: Michelle Cheek

9