IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA MATLOCK,

    Plaintiff,                      CAFN: 1:22-cv-02249-JPB

v.

TRIGO EXPRESS, LLC,
TAN TRAN and
UNITED FINANCIAL CASUALTY
COMPANY,

    Defendants.

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, and pursuant to this Court's Order under Fed. R. Civ. P. 15 files this First Amended Complaint by adding the following:

50.

UNITED FINANCIAL CASUALTY COMPANY is an Ohio for-profit corporation licensed to do business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant United Financial Casualty Company may be served with a copy of the Summons, Complaint and this First Amended Complaint through its Georgia registered agent, to-wit: C T CORPORATION SYSTEM, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046. When its registered agent has been so served, Defendant United Financial Casualty

Company will be subject to the jurisdiction and venue of this Court.

## COUNT II
## NEGLIGENCE PER SE

51.

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 50 of the Complaint and this Amended Complaint as allegations of Count II.

52.

Defendant Tan Tran's violation of O.C.G.A. § 40-6-48 (improper lane change) constitutes negligence per se.

53.

Defendant Tran's negligence was the cause in fact and proximate cause of the collision with the vehicle occupied by Plaintiff.

54.

Plaintiff has suffered damages as a result of Defendant Tran's negligence.

## COUNT III
## COMMON CARRIER LIABILITY

55.

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 54 of the Complaint and this Amended Complaint as allegations of Count III.

56.

Defendant Tan Tran and Defendant Trigo Express, LLC were acting as a common carrier at the time of the collision on May 10, 2020 because they were transporting freight for hire.

57.

Under Georgia law, "common carriers... are bound to use extraordinary diligence." O.C.G.A. § 46-9-1

58.

Defendant Tan Tran and Defendant Trigo Express, LLC failed to exercise extraordinary diligence on May 10, 2020.

59.

Plaintiff suffered damages are result of this failure.

## COUNT IV
## DIRECT ACTION AGAINST UNITED FINANCIAL CASUALTY COMPANY PURSUANT TO O.C.G.A. § 40-1-112(c) and O.C.G.A. § 40-2-140(d)(4)

60.

Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 59 of the Complaint and this Amended Complaint as allegations of Count IV.

61.

Defendant Tan Tran and Defendant Trigo Express, LLC were acting as a motor common carrier at the time of the collision on May 10, 2020.

62.

At the time of the collision on May 10, 2020 Defendant Tan Tran and Defendant Trigo Express, LLC were acting as a for-hire motor carrier because they were engaged in the transportation of goods or passengers for compensation pursuant to 49 C.F.R. § 390.5.

63.

As more fully outlined above, Plaintiff suffered injuries while she was struck by a commercial tractor-trailer owned by Defendant Trigo Express, LLC and driven by Defendant Tan Tran.

64.

On May 10, 2020 , Defendant United Financial Casualty Company was the insurance carrier for Defendant Trigo Express, LLC and Defendant Tan Tran.

65.

A direct action against Defendant United Financial Casualty Company is authorized pursuant to O.C.G.A. § 40-1-112 (c).

66.

Defendant Trigo Express, LLC is a "for-hire intrastate motor carrier" as defined by O.C.G.A. § 40-2-1(4).

67.

A direct action against Defendant United Financial Casualty Company is authorized pursuant to O.C.G.A. § 40-2-140 (d) (4).

WHEREFORE: Plaintiff respectfully prays:

(a) For past special damages in the amount of $115,246.57;

(b) For past general damages in in an amount to be determined by the enlightened conscience of an impartial jury

(c) For ongoing and future special damages;

(d) For ongoing and future general damages in in an amount to be determined by the enlightened conscience of an impartial jury; and

(e) For such further relief as the court finds appropriate.

This _____ day of _____, 2022.

                                                /S/ Joseph W. Weeks
                                                Joseph W. Weeks
                                                Attorney for Plaintiff
                                                Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)