IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA MATLOCK and
ALEX MATLOCK,

                                  CAFN: 1:22-cv-02249-JPB

       Plaintiffs,

v.

TRIGO EXPRESS, LLC,
TAN TRAN and
UNITED FINANCIAL CASUALTY
COMPANY,

       Defendants.

**SECOND AMENDED COMPLAINT**

COMES NOW, BRENDA MATLOCK and ALEX MATLOCK, Plaintiffs, and pursuant to this Court's Order under Fed. R. Civ. P. 15, file this their Second Amended Complaint, and respectfully show the following:

**PARTIES AND JURISDICTION**

1.

Plaintiffs Brenda Matlock and Alex Matlock are citizens of the State of Georgia and reside at 8044 Perimeter Trace, Dunwoody, GA 30346, Plaintiff Brenda Matlock having been involved in an automobile collision in DeKalb County, Georgia.

2.

Defendant Trigo Express LLC is a California Limited Liability Company, with its principal office located at 9689 Carnation Avenue, Fountain Valley, CA 92708.

3.

Defendant Trigo Express LLC may be served by delivering a copy of the summons and complaint on its chief officer and registered agent, Tan Tran, 9689 Carnation Avenue, Fountain Valley, CA 92708.

4.

Venue is proper as to Defendant Trigo Express LLC.

5.

Defendant Tan Tran, on his own, and d/b/a Trigo Express LLC, is a non-resident of Georgia, but is subject to the jurisdiction of this Honorable Court through Georgia's non-resident motorists' act, as he was involved in an automobile collision with Plaintiff in DeKalb County, Georgia.

6.

Defendant Tan Tran can be served through the Georgia Non-resident Motorist's Act through the Georgia Secretary of State, and at his residence, which is 9689 Carnation Avenue, Fountain Valley, CA 92708, and through any other legal means.

7.

Venue is proper as to Defendant Tran.

8.

Defendant UNITED FINANCIAL CASUALTY COMPANY has been substituted for ABC Corp., the unknown entity against which Plaintiff Brenda Matlock's lawsuit was originally filed. See also paragraph 50 of this Second Amended Complaint.

9.

UNITED FINANCIAL CASUALTY COMPANY is an Ohio for-profit corporation licensed to do business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant United Financial Casualty Company may be served with a copy of the Summons, Complaint and this First Amended Complaint through its Georgia registered agent, to-wit: C T CORPORATION SYSTEM, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046. When its registered agent has been so served, Defendant United Financial Casualty Company will be subject to the jurisdiction and venue of this Court.

10.

Venue is as to proper as to United Financial Casualty Company.

## STATEMENT OF FACTS

11.

On or about May 10, 2020, Defendant Tran was involved in an automobile collision (hereafter, "Collision") with the Plaintiff Brenda Matlock (hereafter, "Plaintiff").

12.

Just prior to the Collision, Plaintiff was travelling eastbound on I-285, approaching exit 29 for Ashford Dunwoody Rd.

13.

At the same time, Defendant Tran was in his tractor-trailer which is owned by Defendant Trigo Express LLC. (hereafter "Trigo Express") and driving on behalf of and/or within the course and scope of his employment.

14.

Defendant Tran was also traveling eastbound on I-285, approaching exit 29 for Ashford Dunwoody Rd and to the immediate left of the Plaintiff's vehicle.

15.

Defendant Tran attempted to suddenly change lanes into Plaintiff Brenda Matlock's lane of travel and struck the driver's side of Plaintiff's car with his commercial tractor-trailer causing a Collision.

16.

Defendant Trigo Express and/or Defendant Tran owned the tractor-trailer that Defendant Tran was operating.

17.

At the time of the collision, Defendant Tran was an officer of Trigo Express.

18.

At the time of the collision, Defendant Tran was operating the tractor-trailer in question either on his own behalf, or as Trigo Express.

19.

Defendant Tran was faulted for the wreck and was cited for improper lane change.

20.

Jurisdiction is proper in this Court with respect to the parties, because the Plaintiffs are citizens of a different U.S. state than the Defendants, and the amount of damages claimed by Plaintiffs is greater than $75,000.00.

## <u>COUNT I</u>
## NEGLIGENCE OF DEFENDANT TAN TRAN

21.

Defendant Tran had a duty to drive his vehicle in a safe manner so as to avoid a Collision.

22.

Defendant Tran breached that duty by causing a Collision.

23.

Defendant Tran's breach is the sole and proximate cause of the Collision, which is the subject matter of this action, and which is the source of Plaintiff's damages.

24.

Defendant Tran had a duty to keep a proper lookout for cars when operating his vehicle.

25.

Defendant Tran breached that duty by failing to keep a proper lookout for vehicles on I-285 near Exit 29 for Ashford Dunwoody Rd, thereby causing this collision.

26.

Defendant Tran's breach of duty is also a proximate cause of the Collision,

which is the subject of this action and the source of Plaintiffs' damages.

27.

Defendant Tran had a duty to change lanes properly, to avoid a Collision.

28.

By failing to check for Plaintiff's vehicle prior to changing lanes, Defendant

Tran breached that duty.

29.

Defendant Tran's breach of duty is also a proximate cause of the Collision,

which is the subject of this action, and which is the source of Plaintiffs' damages.

30.

Defendant Tran had a duty to exercise ordinary care when operating his

vehicle.

31.

Defendant Tran breached that duty to exercise ordinary care when he

merged his tractor-trailer into the driver's side of Plaintiff Brenda Matlock's car,

in violation of law, thereby causing the Collision.

32.

Defendant Tran's breach is also a proximate cause of the Collision, which is

the subject of this action, and which is the source of Plaintiffs' damages.

## COUNT II
## NEGLIGENCE OF DEFENDANT TRIGO EXPRESS, LLC

### 33.

Defendant Trigo Express is responsible for the actions and/or omissions and/or inactions of employees, agents or any other person acting on their behalf including, but not limited to, Defendant Tran.

### 34.

Defendant Trigo Express had a duty to properly train its employees, including Defendant Tran, so that those employees were equipped as to how to safely operate their tractor-trailer vehicle.

### 35.

Defendant Trigo Express and breached that duty by failing to properly train their employees, including Defendant Tran.

### 36.

Defendant Trigo Express, LLC's breach is the sole and proximate cause of the injuries and damages Plaintiff Brenda Matlock suffered in the Collision.

### 37.

Defendant Trigo Express had a duty to exercise ordinary care in the hiring and firing of their employees, including Defendant Tran, to ensure to that its drivers were safe to operate tractor-trailer vehicles.

38.

Defendant Trigo Express breached that duty by hiring and/or not firing employees, including Defendant Tran.

39.

Defendant Trigo Express' breach is the sole and proximate cause of the injuries and damages Plaintiff suffered due to the Collision.

40.

Defendant UNITED FINANCIAL CASUALTY COMPANY has been substituted for ABC Corp., the unknown entity against which Plaintiff Brenda Matlock's lawsuit was originally filed. See also paragraph 50 of this Second Amended Complaint.

41.

Defendant(s) committed other acts of negligence, which are both known and unknown at this time, which resulted in injuries and/or damages to Plaintiffs.

42.

Defendant(s) committed other omissions, which are both known and unknown at this time, which resulted in injuries and/or damages to Plaintiffs.

43.

Defendant Trigo Express, LLC is responsible for the actions/inactions of any of its employees while they are working within the course and scope of their

employment.

## DAMAGES

### 44.

As a result of the negligence of the Defendants in causing the Collision, Plaintiff Brenda Matlock has sustained serious injuries requiring medical treatment, incurring medical expenses damages as a result. Plaintiff Brenda Matlock has also suffered physical and mental pain and suffering, and loss of consortium.

### 45.

As a result of the negligence of the Defendants in causing the Collision, Plaintiff Alex Matlock has suffered loss of consortium.

### 46.

As a result of the negligence of the Defendants, Plaintiff Brenda Matlock has incurred extensive and ongoing medical expenses, which are itemized as follows:

Northside Hospital Atlanta $12,198.50

Northside Radiology Associates $ 1,048.00

Northside Emergency Associates $ 653.00

Peachtree Spine Physicians $18,109.60

Sovereign Rehab of Georgia $ 4,686.90

Schulman Esthetic & General Dentistry $ 659.00

Cherokee Imaging Center $ 7,300.00

In Focus Eye Center $ 254.00

Northside Hospital Ortho Institute of Sports Medicine $ 3,644.00

Team Rehabilitation $15,570.00

Decatur Hand & Physical Therapy Specialists $ 5,013.00

Changing Hope Counseling $ 930.00

First Look Imaging $ 2,743.00

Emory University Hospital $ 906.00

Quest Diagnostics Atlanta $ 2,052.23

Northside/Northpoint OBGYN $ 748.00

North Atlanta Primary Care $ 1,648.00

Northwest Chiropractic $ 1,045.00

Emory Healthcare Internal Medicine $ 569.00

Advanced Ear, Nose & Throat Associates $ 218.00

Emory Orthopedics & Spine Center $ 1,423.00

Atlanta Spine & Sport $ 3,335.00

Art of Healing $ 1,665.00

Wellstar Neurology $ 331.00

Total Wellness Solutions $ 95.00

El-Amin Orthopedic & Sports Institute to be supplemented

Atlanta Pain Institute $ 1,542.00

Peachtree Orthopedics $ 4,486.24

American Health Imaging $11,944.20

Resurgens Orthopedics $ 3,783.00

UCSF Medical Center $ 867.00

Northside Alpharetta Pediatric Imaging $ 1,652.00

Orlando Health Medical Group $ 591.00

HyOx Medical Treatment Center $ 275.00

Piedmont Hospital $ 1,489.00

Anchors Chiropractic to be supplemented

Out of Pocket Expenses $ 508.15

Plaintiff's future medical care is to be supplemented.

47.

As a result of the negligence of Defendants in causing the Collision,

Plaintiff endured mental suffering and anguish.

48.

Plaintiff's future specials, including ongoing medical expenses and ongoing

lost wages are in an amount yet to be determined.

49.

As a result of Defendants' negligence, Plaintiff Brenda Matlock suffered serious personal injury, including, but not limited to, medical expenses, past and present, as well as, physical and mental pain and suffering, lost wages, and loss of consortium; and Plaintiff Alex Matlock suffered loss of consortium.

50.

UNITED FINANCIAL CASUALTY COMPANY is an Ohio for-profit corporation licensed to do business in the State of Georgia and is subject to the jurisdiction of this Court. Defendant United Financial Casualty Company may be served with a copy of the Summons, Complaint and this First Amended Complaint through its Georgia registered agent, to-wit: C T CORPORATION SYSTEM, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30046. When its registered agent has been so served, Defendant United Financial Casualty Company will be subject to the jurisdiction and venue of this Court.

## COUNT III
### NEGLIGENCE PER SE OF DEFENDANT TAN TRAN

51.

Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 50 of the original Complaint and this Amended Complaint as allegations of Count II.

52.

Defendant Tan Tran's violation of O.C.G.A. § 40-6-48 (improper lane change) constitutes negligence per se

53.

Defendant Tran's negligence was the cause in fact and proximate cause of the collision with the vehicle occupied by Plaintiff Brenda Matlock.

54.

Plaintiffs have suffered damages as a result of Defendant Tran's negligence.

## COUNT IV
## COMMON CARRIER LIABILITY

55.

Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 54 of the original Complaint and this Amended Complaint as allegations of Count III.

56.

Defendant Tan Tran and Defendant Trigo Express, LLC were acting as a common carrier at the time of the collision on May 10, 2020 because they were transporting freight for hire.

57.

Under Georgia law, "common carriers... are bound to use extraordinary diligence." O.C.G.A. § 46-9-1

58.

Defendant Tan Tran and Defendant Trigo Express, LLC failed to exercise extraordinary diligence on May 10, 2020.

59.

Plaintiffs have suffered damages as a result of this failure.

**COUNT V**
**DIRECT ACTION AGAINST UNITED FINANCIAL CASUALTY COMPANY PURSUANT TO O.C.G.A. § 40-1-112(c) and O.C.G.A. § 40-2-140(d)(4)**

60.

Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 59 of the original Complaint and this Amended Complaint as allegations of Count IV.

61.

Defendant Tan Tran and Defendant Trigo Express, LLC were acting as a motor common carrier at the time of the collision on May 10, 2020.

62.

At the time of the collision on May 10, 2020 Defendant Tan Tran and Defendant Trigo Express, LLC were acting as a for-hire motor carrier because they were engaged in the transportation of goods or passengers for compensation pursuant to 49 C.F.R. § 390.5.

63.

As more fully outlined above, Plaintiff Brenda Matlock sustained injuries when she was struck by a commercial tractor-trailer owned by Defendant Trigo Express, LLC and driven by Defendant Tan Tran.

64.

On May 10, 2020 , Defendant United Financial Casualty Company was the insurance carrier for Defendant Trigo Express, LLC and Defendant Tan Tran.

65.

A direct action against Defendant United Financial Casualty Company is authorized pursuant to O.C.G.A. § 40-1-112 (c).

66.

Defendant Trigo Express, LLC is a "for-hire intrastate motor carrier" as defined by O.C.G.A. § 40-2-1(4).

67.

A direct action against Defendant United Financial Casualty Company is authorized pursuant to O.C.G.A. § 40-2-140 (d) (4).

## COUNT VI
## LOSS OF CONSORTIUM

68.

Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 67 of the original Complaint and this Amended Complaint as allegations of Count V.

69.

Plaintiff Alex Matlock is a citizen and resident of the State of Georgia.

70.

At the time of the incident complained of, Plaintiff Alex Matlock was the husband of Plaintiff Brenda Matlock. Plaintiff Alex Matlock is currently married to Brenda Matlock.

71.

As a direct and proximate cause of the negligence of Defendants, Plaintiff Brenda Matlock has suffered injuries, and Plaintiff Alex Matlock has been deprived of his property right growing out of his marriage relationship.

72.

Defendants' negligence has deprived Plaintiff Alex Matlock of the services, society, companionship, love, affection, aid, cooperation, sexual relations, and comfort of his spouse Plaintiff Brenda Matlock.

WHEREFORE: Plaintiffs respectfully pray:

(a)    For special damages for Plaintiff Brenda Matlock's past medical treatment expenses, in an amount to be provided timely prior to trial of this action;

(b)    For special damages for Plaintiff Brenda Matlock's ongoing present and future medical treatment expenses, in an amount to be provided timely prior to trial of this action;

(c)    For general damages in favor of Plaintiff Brenda Matlock for her past, present, and future physical and mental pain and suffering and loss of enjoyment of life, in an amount to be determined by the enlightened conscience of an impartial jury;

(d)    For general damages in favor of Plaintiff Brenda Matlock for her past, present, and future loss of consortium damages, in an amount to be determined by the enlightened conscience of an impartial jury;

(e)    For general damages in favor of Plaintiff Alex Matlock for his past, present, and future loss of consortium damages, in an amount to be determined by

the enlightened conscience of an impartial jury;

(f)    For a trial by jury;

(g)    For such and other further relief as the Court deems just and appropriate.

Respectfully submitted this 16th day of May, 2023.

/S/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRENDA MATLOCK and
ALEX MATLOCK,

                              CAFN: 1:22-cv-02249-JPB

    Plaintiffs,

v.

TRIGO EXPRESS, LLC,
TAN TRAN and
UNITED FINANCIAL CASUALTY
COMPANY,

    Defendants.

## CERTIFICATE OF SERVICE PURSUANT TO LOCAL RULE 5.1(A)(3)

This is to certify that I have this day served a copy of the within and foregoing **SECOND AMENDED COMPLAINT** and all attachments thereto on all parties of record in this action by filing said pleading with the court's electronic- filing system, which will automatically email a copy of the filing to each registered user, as follows:

    Benjamin Ralston
    Trevor P. Newberry
    Jason S. Allard
    Oakbridge Law Group
    285 W Wieuca Rd NE
    Unit 5548
    Atlanta, GA 30342

This 16th day of May, 2023.

/S/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)